FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### Tampa Division

2005 SEP 13  PM 12: 21

CLERK U.S. DISTRICT COURT
TAMPA, FLORIDA

### CASE NO.:  8:05-cv-00806-T-23-MSS

**MIKE HAINSWORTH and**
**TERRIE HAINSWORTH,**

      **Plaintiffs,**

**vs.**

**POWERSKI INTERNATIONAL, INC.**
**and ROBERT MONTGOMERY,**

      **Defendants.**
_____/

## DEFENDANT POWERSKI INTERNATIONAL, INC.'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT AGAINST POWERSKI INTERNATIONAL, INC. (FRCP 55(c)) AND INCORPORATED MEMORANDUM OF LAW

COMES NOW, Defendant, Powerski International, Inc. ("PSI") by and through undersigned counsel and pursuant to Rule 55(c), Federal Rules of Civil Procedures, files this Motion to Set Aside Clerk's Entry of Default and states the following in support:

1. On April 27, 2005, plaintiffs filed a Complaint against Powerski International, Inc. ("PSI") and Robert Montgomery ("Montgomery").

2. The Complaint alleged violations of section 10(b) of the 1934 Act, 15 U.S.C. section 78j(b) and rule 10b-5, promulgated there under against both Defendants.

3. The complaint also alleged violation of Section 20(a) of the Securities Exchange Act against Montgomery, individually.

4. On May 10, 2005 a summons was issued against Defendant PSI and filed on May 11, 2005.

5.  Plaintiffs allege that on May 20, 2005, William Adam executed service by delivering a true copy of the Summons and Complaint on one "Joseph Lawrenski" as a person in charge.

6.  After inquiring with PSI, its employees, and the Chief Executive Officer, Robert Montgomery, Defendant PSI found that Plaintiffs **did not,** in fact, affect proper service. *See* Declaration of Robert Montgomery ("Montgomery Dec."), Declaration of Joseph Laurente ("Laurente Dec."), Declaration of Rachel Cipolla (Cipolla Dec."), and Declaration of Jason Davis ("Davis Dec."), all filed contemporaneously with this motion and incorporated memorandum of law.

7.  At the time of the alleged service on May 20, 2005, PSI did not, and since that time, has not, employed any person by the name "Joseph Lawrenski."  See Montgomery Dec. at ¶13.

8.  The only person employed by PSI possessing a name similar to "Joseph Lawrenski" is Joseph Laurente ("Laurente").  See Montgomery Dec. at ¶13.

9.  Laurente swears under penalty of perjury that he was not served or presented with a Complaint or Summons in the above referenced matter at any time.  See Laurente Dec. at ¶¶1-6.

10.  Although a process server did visit the PSI headquarters on or about May 20, 2005, neither a copy of the Summons nor a copy of the Complaint was left at the PSI Headquarters. Montgomery Dec.at ¶¶ 1-9, Laurente Dec.at ¶¶ 1-6, Cipolla Dec. at ¶¶ 1-9.

11.  Nor was a copy of the Complaint and Summons mailed, faxed, or otherwise delivered to PSI's headquarters.  Montgomery Dec. at ¶¶ 1-9.

12.  Plaintiffs, however, did eventually mail a copy of the Complaint to Montgomery's personal residence and did leave a copy of the Complaint on Montgomery's residential doorstep on or about August 8, 2005.  Montgomery Dec. at ¶ 10.

13.  After receiving the Complaint Montgomery immediately provided a copy to PSI's legal counsel, Trutanich Michel, LLP.  Montgomery Dec. 11.

14.  On August 22, 2005, after having reviewed the copy of the Summons and Complaint, and at Montgomery's request, Jason Davis of Trutanich Michel, LLP contacted Plaintiffs' counsel William Cook ("Cook") via telephone regarding the service of process and left a message.  Davis Dec. at ¶ 6.

15.  The following day, on August 23, 2005, counsel for Defendant spoke with Cook regarding plaintiff's service attempts.  Specifically, Davis informed Cook that service was improper against Powerski due to the complete failure of Plaintiffs process server to leave a copy of the complaint on the PSI premises.

16.  Davis also informed Cook that service was not properly affected on Defendant Montgomery as well.  Davis Dec. at ¶ 7.

17.  Davis further informed Cook, however, that Defendants were willing to waive the defective service arguments and stipulate that the Defendants were served as of that day – August 23, 2005.  Davis at ¶ 7.

18.  Cook agreed to such a stipulation as to defendant Montgomery, but as to Defendant Powerski, asserted his belief that Powerski had in fact been properly served.  Davis at ¶ 7.

19.  Davis reasserted his position to Cook that no Complaint had been served properly on PSI, but agreed that he would confirm this fact and then inform Cook of his findings in a follow-up telephone call.

20.  After confirming with his clients that no complaint or summons had been served, left behind, or otherwise delivered, Davis contacted Cook again on August 23, 2005.  Montgomery Dec. at ¶12-14 and Davis at ¶ 8-9.

3

21. Davis informed Cook of the fact that no complaint or summons had been served upon defendant Powerski. Davis Dec. at ¶ 9.

22. Cook responded to Davis' comments by informing Davis that Cook and the Plaintiffs were meeting for breakfast the following morning, and that Cook would speak with his clients regarding the stipulation. Davis Dec. at ¶ 9. Cook stated that he would contact Davis upon reaching a decision. Davis at ¶ 9.

23. Cook neither phoned, faxed, nor corresponded with Davis after that phone call until the following week. Davis Dec. at ¶ 10.

24. <u>While Davis waited, in good faith, for the promised phone call, Cook filed a Motion for Entry of Clerk's Default against Powerski on August 24, 2004.</u> That same day Plaintiffs also filed a return of service allegedly executed on May 20, 2005.

25. Defendant PSI has a good and meritorious defense to the claims for relief alleged as is demonstrated in the Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, also filed contemporaneously with this motion.

26. This motion should granted because the default is void for Plaintiffs lack of proper service, and for lack of subject matter jurisdiction.

27. Additionally, to the extent that the default is not void, there is good cause due to Defendant's mistake of fact.

28. Other reasons justifying set aside include the policy reason that Plaintiffs Complaint should have automatically been dismissed for failure to file default within 60 days of the alleged service pursuant to Local Rule 1.07(b).

29. Defendant's motion should also be granted because the default was entered as a result of Defendant's excusable neglect in contacting Plaintiffs to discuss a stipulation to service in

light of service defects in an effort to move forward with the litigation and awaiting their return

phone call from Plaintiffs who secretly filed the Default application.

    30. Finally, this motion should be granted because Venue is improper as is alleged in

Defendants Motion to Dismiss or Transfer Venue filed herewith.

    WHEREFORE, Defendant PSI respectfully requests this court to grant this motion and

enter an order setting aside clerk's entry of default.

## MEMORANDUM OF LAW

### I.    PLAINTIFFS' DEFAULT SHOULD BE SET ASIDE

    Rule 55(c), Fed.R.Civ.P. provides that the court may set aside an entry of default for

good cause shown.

    Good cause required for relief from entry of default under Rule 55(c) is a more lenient

standard than the "excusable neglect" standard required for relief from a default judgment under

Rule 60(b).   Jones v. Harrell, 858 F.2d 667, 669 (11th Cir.1988); United States v. One Parcel of

Real Property, 763 F.2d 181, 183 (5th Cir.1985); Meehan v. Snow, 652 F.2d 274, 276-77 (2d

Cir.1981) (per curiam).

> Because a judgment had not been entered the trial court had the
> discretion to set aside the entry of default under Rule 55(c) rather
> than under the more stringent provisions of Fed.R.Civ.P. 60(b) that
> would have controlled if judgment had been entered. The district
> court held that Harrell had made a bare minimum showing to
> support relief under Rule 55(c).

Jones at 669.

    Defendants Motion for relief from default is not in excess of one-year limitation periods,

nor was it filed after an unreasonable delay.  In fact, Defendants' Motion is being filed a mere 19

days following the entry of default pursuant to a stipulation entered into by Defendants and

Plaintiffs to allow both Defendants to file responses to the Complaint simultaneously. As such, Defendants' Motion is reasonable and timely.

Defendant PSI has a good and meritorious defense to the claims for relief alleged as is demonstrated in the Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As is alleged hereafter, this motion should granted because the default is void for Plaintiffs lack of proper service, and for lack of subject matter jurisdiction. Additionally, to the extent that the default is not void, there is good cause due to Defendant's mistake of fact. Other reasons justifying set aside include the policy reason that Plaintiffs Complaint should have automatically been dismissed for failure to file default within 60 days of the alleged service pursuant to Local Rule 1.07(b). Defendants motion should also be granted because the default was entered as a result of Defendants excusable neglect in contacting Plaintiffs to discuss stipulation to service in light of service defects in an effort to move forward with the litigation and awaiting their return phone call from Plaintiffs who secretly filed the Default application. Finally, this motion should be granted because Venue is improper as is alleged in Defendants Motion to Dismiss or Transfer Venue filed herewith.

### A.    VOID JUDGMENT.

Relief from default may be granted for procedural or jurisdictional irregularities in obtaining the default. In <u>Jones</u>, the defendant's "good cause" was that defendant had not received a copy of the complaint. Defendant PSI suffered the same defect.

### 1.    Lack of Proper Service

A motion for default may be granted where defendant (even if he or she had actual notice) demonstrates defects in the service of process. <u>Carimi v. Royal Caribbean Cruise Line,</u>

Inc. (5th Cir. 1992) 959 F.2d 1344, 1345.  Defendants have provided herewith Declarations from two of PSI's employees and its Chief Executive Officer, wherein they each swear under the penalty of perjury that PSI did not receive a copy of the Complaint until such time as a Complaint was left at Mr. Montgomery's door and mailed to him on or about August 8, 2005. After which time, Defendants sought counsel whom contacted Plaintiffs to initiate the stipulation regarding service, only to have Plaintiffs' Counsel mislead Defense Counsel into believing that good faith discussions on the topic of service were underway.  See Montgomery Dec., Laurente Dec., Cipolla Dec., and Davis Dec.

### 2.     Lack of Subject Matter Jurisdiction.

If the court lacks subject matter jurisdiction, any default entered against the defendant is a nullity.  United States v. Forma 42 F.3d 759, 762 (2nd Cir. 1994); see Koehler v. Dodwell 152 F.3d 304, 307 (4th Cir. 1998).  Plaintiffs, as alleged in the Motion to Dismiss filed simultaneously herewith, failed to properly plead subject matter jurisdiction.

Specifically, the exercise of jurisdiction over a rule 10b-5 requires the use of an "instrumentality of interstate commerce, the mail, or any facility of a national securities exchange." 15 U.S.C. § 78j.  See Dupuy v. Dupuy, 511 F.2d 641, 642 (5th Cir. 1975), Spilker v. Shayne Lab, Inc., 520, F.2d 523, 526 (9th Cir. 1975).  Plaintiff's complaint must adequately plead that defendants used an instrumentality of interstate commerce to state a sufficient rule 10b-5 claim.  Tomera v. Galt, 511 F. 2d 504, 508 (7th Cir. 1975).

Plaintiffs' complaint fails to plead the use of any instrumentality of interstate commerce, mail, or any facility of a national securities exchange in furtherance of the alleged fraud.  The Complaint fails to properly plead that an instrumentality of interstate commerce was used in the

7

Complaint's Statement of Jurisdiction and Venue.  Complaint ¶¶ 1-4.  Further, Plaintiffs fail to allege anywhere in the Complaint that any instrumentality of interstate commerce was used.

Plaintiffs' Complaint therefore fails to establish that this Court has subject matter jurisdiction over the claims at issue; therefore the default should set aside and the Complaint should be dismissed.  Fed.R.Civ.Proc. 12(b)(1).  See Tomera v. Galt, 511 F. 2d 504, 508 (7th Cir. 1975).

**B**      **MISTAKE OF FACT**

Where there is a mistaken understanding of the fact concerning the duty to respond, relief may be granted.  999 v. Cox & Co., 574 F.Supp 1026, 1029 (D.MO.1983).  In Cox, defendant's answer was late because defendant's counsel acted in good faith reliance on their client's mistaken statement as to the date the summons had been received.  A timely-brought motion for relief was granted.  Id.  Here, because Defendants did not, and still do not, believe that any Complaint was provided to anyone at PSI on the date alleged, and because Defendants, upon actually receiving a copy of the Summons and Complaint contacted Plaintiffs' counsel to stipulate as to service, Defendants' counsel acted in good faith reliance, and therefore this timely brought motion for relief should be granted.  It is important to note that the action taken by Defendants occurred before the entry of default, and occurred only after Defendants contacted Plaintiffs regarding the defective service.

**C.**      **OTHER REASONS JUSTIFYING SET ASIDE**

Federal Rule of Civil Procedure section 60 (b) allows relief for "any other reason justifying relief from the operation of the judgment."

Local Rule 1.07(b) states that:

8

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed.R.Civ.P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed.R.Civ.P., and shall then proceed without delay to apply for a judgment pursuant to Rule 55(b), Fed.R.Civ.P., failing which the case shall be subject to dismissal sixty (60) days after such service without notice and without prejudice
> . . .

Here, however, Plaintiffs claim to have served Defendants on May 20, 2005. Had Plaintiffs complied with Local Rule 1.07(b), the Complaint should have been dismissed 60 days later on July 19, 2005, because Plaintiffs failed to file an application for default. Plaintiffs did not file a default until Defendants contacted Plaintiffs' counsel with the sole goal of stipulating to service where service had been defective and moving forward with the lawsuit. Thus, for all intents and purposes, Plaintiffs' lawsuit should have been dismissed prior to Plaintiffs' application for default unless Plaintiffs provided good cause as to their delay. Allowing Plaintiffs' default to stand because they failed to properly file the Notice of Service with the Court facilitates circumvention of the local requirements.

### D.    EXCUSABLE NEGLECT

Excusable neglect is often found where counsel reasonably believed no default would be taken . . . either because of a potential stipulation with plaintiff's counsel or local system preventing "secret" defaults without courtesy notice. Hutten v. Fisher 359 F.2d 913, 915 (3rd.Cir. 1966); Hayek v. Big Brothers/Big Sisters of America 198 FRD 518, 523 (N.D. IOWA 2001) – seeking default after granting extension of time to plead "smacks of an attempt to 'blindside' the defendant."

Plaintiffs' similar actions of stating to Defendants' counsel that he would be meeting with Plaintiffs to discuss the proposed stipulation and get back, when the ultimate intent and goal was to blindside Defendants with a default. See Davis Dec.

## II.    DEFENDANTS HAVE A MERITORIOUS DEFENSE

Filed simultaneously with these Points and Authorities is Defendants' [PROPOSED] Motion to Dismiss pursuant to Federal Rules of Civil Procedure section 12(b)(6).  This Proposed Motion and the Points and Authorities in support thereof detail the defenses to Plaintiffs' Complaint that can be found on the face of the pleading.

Specifically, the Rule 12(b)(6) Motion is based on the grounds that this Court does not have subject matter jurisdiction over Plaintiffs' claims, that the Complaint fails to establish the use of an instrumentality of interstate commerce, that Plaintiffs' 10(b)-5 claim fails to adequately plead loss causation, that the challenged statements are protected by the safe harbor provision for forward-looking statements, that Plaintiffs' 10(b)-5 claim fails to allege with particularity that Defendants acted with the requisite scienter, that Plaintiffs fail to allege with particularity any statements that were false or misleading, and Plaintiffs' section 20(a) claim fails because the underlying 10b-5 violation was improperly pled.

Additionally, Defendants filed a Motion to Dismiss for Improper Venue simultaneously herewith.  The Points and Authorities in support thereof demonstrate that Plaintiffs knowingly filed in an improper venue, which was also contrary to the express terms of their agreement with Plaintiffs.

Together these two Motions and the supporting pleadings demonstrate that Defendants have a Meritorious Defense worthy of having the Clerk's Entry of Default set aside.

### CONCLUSION

The Clerk's Entry of Default against Powerski International, Inc. should be set aside because good cause exists and has been shown since there is a void judgment, a mistake of fact, excusable neglect, and other reasons justifying the Court's granting of Defendants Motion to Set

Aside Default. Defendants' Motion, having proven that they could and would file a responsive

pleading  containing meritorious defenses, should therefore, be granted.

Jonathan R. Kaplan, Esq.
Fla. Bar No. 910759
Law Offices of Kaplan & Hutchinson, P.A.
515 North Flagler Drive, Suite 801
West Palm Beach, FL 33401
Telephone:  561/838-9793
Facsimile:  561/838-9793
Kappy75@hotmail.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original copy of the foregoing has been forwarded Via

Federal Express to the Clerk of Court, U.S. District Court, Middle District of Florida, 801 N.

Florida Avenue, Tampa, Florida 33602 and a true and correct copy via Federal Express to

William J. Cook, Barker, Rodems & Cook, P.A., 300 West Platt Street, Suite 150, Tampa,

Florida 33606 this 12th day of September, 2005.

Jonathan R. Kaplan, Esq.
Fla. Bar No. 910759
Law Offices of Kaplan & Hutchinson, P.A.
515 North Flagler Drive, Suite 801
West Palm Beach, FL 33401
Telephone:  561/838-9793
Facsimile:  561/838-9034
Kappy75@hotmail.com
Attorneys for Defendant